UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

Rosco, Inc.,

                    Plaintiff,              CV-96-5658 (CPS)

    - against -                             MEMORANDUM OPINION
                                            AND ORDER
Mirror Lite Company,

                    Defendant.

----------------------------------------X

SIFTON, Senior Judge.

    Plaintiff Rosco, Inc., brought this action against

defendant, Mirror Lite Company, in 1996, asserting claims of

design patent infringement, trade dress infringement, false

designation of origin, tortious interference with business

relationships, misrepresentation in violation of 15 U.S.C. §

1125(a), and common law trademark infringement.  In addition to

damages, the complaint sought declaratory and injunctive relief

pursuant to 29 U.S.C. §§ 2201 and 2202.  Mirror Lite asserted a

counterclaim of patent infringement in violation of 15 U.S.C. §

1125(a).

    The matter was tried before the undersigned sitting without

a jury between March 6 and March 10, 2000.  After appeal to the

Federal Circuit and remand for determination of infringement, I

found that Rosco had infringed Mirror Lite's '984 patent.  Now

before this court is Rosco's request for a pre-motion conference,

pursuant to my order of March 12, 2007, for permission to file a
Motion to Stay the pending litigation in light of Rosco's filing
a Request for Reexamination of the '984 patent with the United
States Patent and Trademark Office ("PTO").  For the reasons set
forth below, Rosco's request for a pre-motion conference is
denied as futile.

**BACKGROUND**

<u>Procedural History</u>

The facts of this case have already been stated several
times in the prior opinions in this case.  *Rosco v. Mirror Lite*,
139 F.Supp.2d 287 (E.D.N.Y 2001); *Rosco v. Mirror Lite*, 304 F.3d
1373 (Fed. Cir. 2002).  It is unnecessary to repeat them fully
again here.  A procedural history is set forth in a discussion on
the parties' cross-motions for summary judgment filed today.

A Memorandum, Opinion and Order denying Rosco's Motion for
Summary Judgment, and granting in part and denying in part Mirror
Lite's Motion for Summary Judgment is being filed simultaneously
herewith.

On July 13, 2007, Rosco filed a Request for Reexamination of
the '984 patent with the United States Patent and Trademark
Office.  In support of this request, Rosco provided the PTO with
recently uncovered prior art references that Rosco believes
demonstrates the invalidity of the '984 patent.  Rosco requests a
pre-motion conference with this Court for permission to file a

Motion to Stay the pending litigation in this case based on: (1) the PTO's high frequency of granting such requests and subsequently either limiting the scope of or invalidating the reexamined patent[1]; (2) judicial economy; and (3) that there will be no undue burden on Mirror Lite, while not staying the case will prejudice Rosco. In response, Mirror Lite argues that it will be prejudiced if the court stays litigation.

## Discussion

<u>Patent Reexaminations by the PTO</u>

"Any person at any time may file a request for reexamination by the [Patent and Trademark] Office of any claim of a patent on the basis of any prior art cited under the provisions of section 301 of this title...." 35 U.S.C. § 302. "Within three months following the filing of a request for reexamination ... the Director will determine whether a substantial new question of patentability affecting any claim of the patent concerned is raised by the request...." *Id.* at § 303(a). A reexamination cannot result in amended or new claims that enlarge the scope of any claim in the patent. *Id.* at § 305. However, a reexamination

---

[1] According to the PTO's Performance Accountability Report, approximately 94% (425/453) of the Ex Parte Reexamination requests in 2006 were granted. *See* Performance Accountability Report for Fiscal Year 2006 (Table 13A) available at http://www.uspto.gov/web/offices/com/annual/2006/50313a_table13a.html
It has also been noted that the PTO changes some claims, either by cancellation or amendment, in approximately 76% of reexaminations, and confirms all claims in approximately 24% of the reexamined patents. *Telemac Corp. v. Teledigital, Inc.,* 450 F.Supp.2d 1107, 1110 (N.D. Cal. 2006)(internal citations omitted).

may result in confirming claims as they are, confirming claims in an amended or limiting form, or cancelling claims. *Akzenta Pankele + Profile GmbH v. Unilin Flooring N.C. LLC,* 464 F.Supp.2d 481 (D. Md. 2006).

The Court's Power to Grant a Stay

The Federal Circuit has noted that courts have inherent power to stay proceedings pending the conclusion of a PTO patent reexamination. *Ethicon, Inc. v. Quigg,* 849 F.2d 1422, 1426-27 (Fed. Cir. 1988); *Gould v. Control Laser Corp.,* 705 F.2d 1340, 1342 (Fed. Cir. 1983). There are three factors a court should take into consideration when deciding whether to stay litigation pending a patent reexamination: (1) whether a stay will simplify the issues in question and trial of the case; (2) the stage of the proceedings; and (3) whether a stay will unduly prejudice the nonmoving party. *Telemac,* 450 F.Supp.2d at 1110; *In re Cygnus Telecomms. Tech., LLC,* 385 F.Supp.2d 1022, 1023 (N.D. Cal. 2005). Here, the factors weigh against granting Rosco's request for a stay.

Simplification of the Issues in Question and Trial of the Case

A reexamination by the PTO could simplify the issues here either by cancelling or amending claims of the '984 patent. It is also possible, that claims will remain and the issues will be unresolved. Since I am already familiar with the outstanding

issues in this case, "interest in simplifying the proceedings by waiting for the PTO to reexamine the patent[s] is not as strong as it might otherwise be." *Telemac,* 450 F.Supp.2d at 1111.

At this point, there are only two outstanding issues: (1) whether Rosco's post-trial mirrors infringe on the '984 patent and (2) damages for pre-trial and post-trial infringement. In my Memorandum Opinion and Order of August 6, 2007, I stated that the claims of the '984 patent have already been interpreted. *See Markman v. Westview Instruments, Inc.,* 53 F.3d 967, 976 (Fed. Cir. 1995) (there are two steps in an infringement analysis, the first step is to determine the meaning and scope of the patent claims that are allegedly being infringed). Therefore, to determine whether Rosco's post-trial mirrors infringe the '984 patent, what remains is to compare the post-trial mirrors with the patent claims. *See Romag Fasteners, Inc. v. Mitzi Intern. Handbags and Accessories, Ltd.,* 323 F.Supp.2d. 512, 522 (S.D.N.Y. 2004) ("[a]t the second stage of an infringement analysis, the finder of fact must determine whether the accused device contains elements corresponding to the properly construed limitations of the disputed claims"). Although a reexamination could limit the scope of the patent, my familiarity with the case coupled with the fact that there are only two issues remaining which a reexamination may or may not be resolve, neither weighs for nor against granting a stay.

## Stage of the Proceedings

This case has been going on for over 10 years.  In that
time, as recounted above, there has been a trial, numerous
decisions issued on motions and numerous appeals to the Federal
Circuit.  "In assessing the stage of the proceedings, Courts
focus on whether a trial date has been set and the degree to
which discovery has been completed." *Akzenta*, 464 F.Supp.2d at
484 (internal citations omitted).  One trial has already taken
place, and at present, no trial dates have been set on the
remaining issues.  Each side has, however, already gathered
extensive evidence in support of its summary judgment motion on
whether post-trial mirrors infringe.  The evidence submitted
along with the summary judgment motions included expert
depositions, declarations and test results.  Because of this, the
discovery for a post-trial mirror infringement trial, should
proceed relatively quickly.  As for the issue of damages, as
agreed during a conference with Magistrate Judge Azrack on April
24, 2007, damages discovery should have been completed by July
30, 2007.  *See* Minute Entry for Disc. Conference, April 24, 2007,
Docket # 311.  A trial should take place shortly thereafter[2].
Hence, this case is in an advanced stage of litigation, which
weighs against granting a stay.  *See Telemac,* 450 F.Supp.2d. at

---

[2]  The parties are to inform Magistrate Judge Azrack whether they
consent to a damages trial before her by August 17, 2007.  *See* Minute Entry
for Disc. Conference, April 24, 2007, Docket # 311.

1111 (where a request for a stay came 18 and 27 months after
claims were filed against defendants, the court found that the
case was not in an early stage of proceedings and that the stage
of proceedings weighed against granting a stay).

Prejudice

Rosco maintains that it would be prejudiced if a stay is not
granted, but that Mirror Lite would not be prejudiced if a stay
is granted.  Prejudice as a factor for granting or denying a stay
is to be considered on the basis of, "...whether a stay would
unduly prejudice or present a clear tactical disadvantage to the
*nonmoving* party." *Medicis Pharmaceutical Corp. v. Upsher-Smith
Laboratories, Inc.,* 486 F.Supp.2d 990 (D.Ariz. 2007)(emphasis
added).  Here, Mirror Lite is the nonmoving party, not Rosco, so
the effect of a stay on Mirror Lite's position is what the court
needs to consider.

Granting a stay would prejudice Mirror Lite.  At this point,
Mirror Lite is waiting for the entry of a permanent injunction
which I granted on September 29, 2006.  The injunction will be
entered upon resolution of the remaining damages issues.  A stay
would postpone the resolution of the remaining damages issues and
therefore delay the entry of the permanent injunction.  In
addition, a stay would delay the trial to decide whether the
three remaining contested post trial mirrors do infringe Mirror
Lite's '984 patent, thus allowing Rosco to continue selling

(possibly) infringing products, further damaging Mirror Lite's business.

Reexaminations are likely to be lengthy. *See In re Cygnus Telecomms. Tech., LLC,* 385 F.Supp.2d 1023 (reexaminations generally take from six months to three years). "Although the likely length of reexamination is not, in itself, evidence of undue prejudice, in the circumstances of this case, a possibly lengthy delay" would place Mirror Lite at a disadvantage, therefore, this factor weighs against granting a stay. *Telemac,* 450 F.Supp.2d. at 1111.

## CONCLUSION

For the reasons set forth above, Rosco's request for a pre-motion conference for permission to file a Motion to Stay litigation in the instant matter is denied.

The clerk is directed to transmit a copy of the within to all parties and to the Magistrate Judge.

SO ORDERED.

Dated :   Brooklyn, New York

August 6, 2007

By: /s/ Charles P. Sifton (electronically signed)
United States District Judge