UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

Rosco, Inc., a New York Corporation,

                        Plaintiff,         CV-96-5658 (CPS)

        - against -                        CV-99-6211 (CPS)

Mirror Lite Company, a Michigan            JUDGMENT AND
    Corporation,                           INJUNCTION

                        Defendant.

----------------------------------------X

        WHEREAS, the initial trial in this matter was held on
March 6-10, 2000, and an initial judgment was entered following
that trial on February 28, 2001;

        WHEREAS, following the initial trial and judgment,
additional proceedings took place in this matter, including
findings by the Court that certain Rosco products infringed
Mirror Lite's U.S. Patent No. 5,589,984;

        WHEREAS, in prior decisions, both by this Court and the
Court of Appeals for the Federal Circuit, several claims and
issues in the matter have previously been decided;

        WHEREAS, a second trial was held in January 2008, for
determination of two remaining issues: (1) the damages resulting
from Rosco's infringement of Minor Lite's '984 patent; and (2)
whether certain Rosco mirrors designated Mirrors #1, #2, and #5,
infringed the '984 patent;

WHEREAS, in a Memorandum Opinion and Order dated June 17, 2009, this Court ruled on such two remaining issues (1) and (2) and this judgment is being entered as a result of that Memorandum Opinion and Order.

NOW THEREFORE, it is adjudged and decreed and it is the judgment of this Court that:

1. This Court has jurisdiction over the parties to this action and the subject matter thereof;

2. Mirror Lite is awarded the following reasonable royalty damages from Rosco, Inc.: $157,500.00 for infringement that took place between 1996 and March 2000 and $240,343.25 for post-trial infringement that took place between 2000 and 2006, for a total of $397,843.25 in reasonable royalty damages;

3. Rosco's infringement was not willful;

4. Mirror Lite is not entitled to lost profits, price erosion, future, or enhanced damages;

5. Mirr`or Lite did not prove by a preponderance of the evidence that Rosco's Mirror No. I (injection molded, Mini-Hawkeye mirror), Mirror No. 2 (injection molded, Hawkeye mirror) and Mirror No. 5 (thermo-molded Flawkeye mirror) infringed the '984 patent;

6. That Rosco, Inc., including its owners, officers, directors, agents, servants, attorneys, as well as others

directly involved with Rosco and with actual knowledge of this order, are hereby permanently enjoined from the following:

(a) Any further infringement of claims 1-3 and 6-8 of the '984 patent;

(b) Any further manufacture, use, sale or offer for sale of mirrors with the following characteristics:

(1)   a lens with a reflective outer surface;

(2)   a lens with a non-reflective inner surface;

(3)   a mirror lens comprising a minor body which terminates in an oval perimetral edge;

(4)   the edge surrounding the reflective and non-reflective surfaces;

(5)   a lens that is a substantially convex ellipsoid;

(6)   a lens that has intersecting major and minor axes; and

(7)   a lens with a varying radius of curvature along the major axis and with such radius decreasing from the intersection with the minor axis to the perimetral edge.

7.   That Mirror Lite is entitled to costs in the amount of $383,723.94 and prejudgment interest in the amount of $261,089.00.

4

          8.   That this Court shall retain jurisdiction over the
parties and the subject matter of this action and this order in
order to enforce its terms and conditions.

          The Clerk is directed to transmit a copy of the within
to all parties and to the assigned Magistrate Judge.

          SO ORDERED.

Dated :   Brooklyn, New York
          October 26, 2009

                                   s/Hon. Charles P. Sifton
                              _____
                                   United States District Judge